IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Manuel Dejesus Solorza Hernandez, #*363633*, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | )<br>) |
| Brian P. Stirling, *SCDC Director*, | )<br>) |
| Respondent. | ) |

C.A. No. 2:21-3650-HMH-MGB

**OPINION & ORDER**

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Petitioner Manuel Dejesus Solorza Hernandez ("Hernandez") is pro se state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. In her Report and Recommendation filed on July 26, 2022, Magistrate Judge Baker recommended that this court grant the Respondent's motion for summary judgment, dismiss the Petition with prejudice, and decline to issue a certificate of appealability. (R&R, generally, ECF No. 32.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

On August 24, 2022, Hernandez timely filed objections to the Report and Recommendation.[2] (Objs., generally, ECF No. 37.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Hernandez's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.[3] Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988). On August 17, 2022, the court granted Hernandez an extension of time until August 31, 2022, to file objections to the report and recommendation. (Aug. 17, 2022 Order, ECF No. 35.)

[3] While the court is not required to review new issues raised for the first time in objections, it is required to address new arguments in support of previously raised issues. Samples v. Ballard, 860 F.3d 266, 268, 274 (4th Cir. 2017) ("[A]n 'issue' in the habeas context is a ground for relief, and 'arguments' are the legal positions related to the ground for relief."); Hubbard v. Stirling, No. 8:19-cv-01314-SAL, 2020 WL 5249231, at *2 (D.S.C. Sept. 3, 2020) (unpublished) ("[A] court is only required to address new arguments directed at issues presented to the magistrate judge."). At any rate, to the extent Hernandez is attempting to argue for the first time in his objections that his due process rights were violated when he was interrogated while intoxicated and without a translator present, this claim is procedurally barred because Hernandez failed to raise it in state court. Further, Hernandez has failed to show cause and prejudice or actual innocence to overcome his default. See Bousley v. United States, 523 U.S. 614, 622 (1998).

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 23, is granted and Hernandez's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Hernandez has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 26, 2022

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.